**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
Nicholas Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RANDALL FREEMAN and KAREN FREEMAN, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**NORTHSTAR ALARM SERVICES, LLC d/b/a NORTHSTAR HOME, d/b/a NORTHSTAR CONNECTED HOME, d/b/a NORTHSTAR ALARM, d/b/a NORTHSTAR HOME AUTOMATION, f/k/a NORTHSTAR ALARM SERVICES, INC.,**<br><br>**Defendant.** | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

*Freeman v. Northstar Alarm Services, LLC*
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. RANDALL FREEMAN ("Mr. Freeman") and KAREN FREEMAN ("Mrs. Freeman," together the "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of NORTHSTAR ALARM SERVICES, LLC D/B/A NORTHSTAR HOME, D/B/A NORTHSTAR CONNECTED HOME, D/B/A NORTHSTAR ALARM, D/B/A NORTHSTAR HOME AUTOMATION, F/K/A NORTHSTAR ALARM SERVICES, INC., ("Northstar" or "Defendant"), in negligently, and/or willfully contacting Plaintiffs for debt collection purposes on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the events giving rise to Plaintiffs' causes of action against Northstar occurred within the State of California and the County of Riverside, within this judicial district.

## PARTIES

4. Plaintiffs are, and at all times mentioned herein were, citizens and residents of the State of California and County of Riverside.

5. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(39).

*Kazerouni Law Group, APC*
*Costa Mesa, California*

**1 of 9**   *Freeman v. Northstar Alarm Services, LLC*
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

6. Plaintiffs are informed and believe, and thereon allege, that Northstar is, and at all times mentioned herein was, a limited liability company whose primary address is in Orem, Utah.

7. Plaintiffs are informed and believe, and thereon allege, that Northstar is, and at all times mentioned herein was, a limited liability company or corporation and a "person," as defined by 47 U.S.C. § 153(39).

8. Northstar provides various home security services, often provided on credit or through monthly payments.

## FACTUAL ALLEGATIONS

9. At all times relevant, Defendant conducted business in the State of California and in the County of Riverside, within this judicial district.

10. Sometime in 2013, Mr. Freeman purchased a security systems for his home from Defendant.

11. Since the purchase, the security system had not worked properly due to Defendant's incorrect installment of a critical piece that is attached to the exterior door.

12. Due to Defendant's inability to properly remedy the issue, on May 2016, Mr. Freeman called Defendant to inform them that he was canceling his security agreement.

13. Despite conveying this information to Defendant, Defendant continued to charge Plaintiffs' bank account.

14. Defendant began making calls from telephone number displayed as 844-822-7827 to Mr. Freeman's cellular telephone ending in "5543" and also to Mrs. Freeman's cellular telephone ending in "8032" in an attempt to collect alleged past due payments that were incurred after the subscription was canceled.

15. In May of 2016, Mr. Freeman wrote a letter to Defendant asking that they cease all communication to Plaintiffs and to stop unlawfully charging

Plaintiffs' bank account. Mr. Freeman sent this letter via United States Postal Service.

16. Despite this explicit revocation of consent (should consent have existed in the first instance), Defendant continued to call Plaintiffs' cellular telephones. Mr. Freeman received approximately 20 calls and Mrs. Freeman received approximately 10 calls. Some of these calls occurred on, but are not limited to, September 8, 2017, and October 20, 2017.

17. Often, when Plaintiffs answered a call, there would be an artificial or prerecorded voice message before a representative came on the line.

18. Upon information and belief, the calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

19. Upon information and belief, this telephone dialing equipment used by Northstar has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Further, upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

21. The several months of unwanted calls from Defendant caused Plaintiffs to become annoyed and frustrated.

22. Through Defendant's aforementioned conduct, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

23. Defendant's calls forced Plaintiffs and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

24. The telephone numbers Defendant called were assigned to a cellular telephone service for which Plaintiffs incur a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

25. The calls to Plaintiffs were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26. Defendant's calls to Plaintiffs' cellular telephone numbers were unsolicited by Plaintiffs and were placed without Plaintiffs' prior express written consent.

### CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

28. Plaintiffs' propose to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice within the four years prior to the filing of this Complaint.

29. Northstar and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiffs and members of the Class were harmed by the acts of Northstar in at least the following ways: Northstar, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their

cellular telephones by using marketing and artificial or prerecorded voice messages, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Northstar's records or Northstar's agents' records.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, during the proposed class period, Northstar or its agent(s) placed any debt collection, marketing, and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

      ii.      Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

      iii.     Whether Northstar and its agents should be enjoined from engaging in such conduct in the future.

34. As a person that received at least one marketing call via an ATDS or an artificial or prerecorded voice message to their cell phones without Plaintiffs' prior express written consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

35. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Northstar's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Northstar will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Northstar to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Northstar is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of

these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Northstar has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Northstar's repeated calls in a span of several months to Plaintiffs' cellular phones without any prior express consent constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Northerstar's, and Northstar's agents', negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Northstar made repeated telephone calls to Plaintiffs' cellular telephones without being in any business relationship or contract. Furthermore, after Northstar was explicitly told to not call Plaintiffs, Northstar agents continued to call Plaintiffs' cellular telephones.

45. Northstar's actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Northstar's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

48. Wherefore, Plaintiffs respectfully request the Court to grant Plaintiffs and the Class members the following relief against Northstar:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Northstar's and Northstar's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Northstar's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**TRIAL BY JURY**

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: February 1, 2018                         **KAZEROUNI LAW GROUP, APC**

                                               By: /s Abbas Kazerounian
                                                   ak@kazlg.com
                                                   Abbas Kazerounian
                                                   *Attorneys for Plaintiffs*